**Nassim ZOUAOUI, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–71777.**

United States Court of Appeals, Ninth Circuit.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted May 6, 2005.**

Decided May 24, 2005.

Nassim Zouaoui, Simi Valley, CA, pro se.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John J. Andre, Esq., Michelle E. Gorden, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN and WARDLAW, Circuit Judges, and WHALEY,*** District Judge.

MEMORANDUM ****

Nassim Zouaoui, a former Muslim and a native and citizen of Algeria, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance without opinion of the Immigration Judge's ("IJ") denial of his untimely motion to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.

■ We lack jurisdiction to review Zouaoui's claim that the IJ should have exercised *sua sponte* authority to reopen the deportation proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002); *Malty v. Ashcroft*, 381 F.3d 942, 945 n. 1 (9th Cir.2004).

■ The IJ did not abuse his discretion in finding Zouaoui's motion to reopen untimely. A motion to reopen deportation proceedings must be filed no later than 90 days after the date on which the final administrative decision was rendered, unless the alien demonstrates "changed circumstances in the country of nationality or in the country to which deportation has

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *See* 8 C.F.R. §§ 1003.2(c)(2) & (3)(ii). Zouaoui filed a motion to reopen his deportation proceedings in August 2002, five years after his deportation became final. Zouaoui relies on evidence of his conversion to Christianity and evidence of deteriorating conditions in Algeria to satisfy the "changed circumstances" exception to the ninety-day rule. The regulation requires, however, that the "changed circumstances" occur in the "country of nationality or country to which deportation has been ordered." *See* 8 C.F.R. § 1003.2(c)(3)(ii). Zouaoui's religious conversion, a changed personal circumstance, does not fall into either category.

Zouaoui failed to submit any evidence demonstrating that circumstances have changed in Algeria such that he has a well-founded fear of persecution for his religious conversion if he should return to Algeria. Zouaoui provided some evidence, in the form of magazine articles, that Algerian Christians are "sometimes victims of violence and choose to practice their faith clandestinely". However, he provided no evidence that violence against Christians is a *changed* circumstance in Algeria. Rather, the State Department's Algeria Country Reports on Human Rights Practices 2001, indicates that: (1) there has been an ongoing war in Algeria for many years; (2) acts of violence are committed against people of all faiths; and (3) Algeria has a policy of religious tolerance and permits the operation of an active Roman Catholic church. Because Zouaoui failed to demonstrate changed circumstances in Algeria, the IJ did not abuse his discretion in finding Zouaoui's motion to reopen untimely.

Because we find the motion untimely, we need not reach the merits of Zouaoui's claims for asylum and withholding of deportation nor his due process claim.

**DENIED.**